REIS, APPELLANT, *v.* RICKARD ET AL., APPELLEES.

(No. 1521—Decided November 22, 1961.)

*Mr. Joseph C. Zieba*, for appellant.
*Mr. Dan K. Cook*, for appellee Otis Sheldon Rickard.

DOYLE, J. This is an appeal from a judgment of the Court of Common Pleas of Lorain County, which dismissed a petition for want of prosecution.

It appears that on October 23, 1961, a petition was filed in the court by one Richard Reis, seeking damages for personal injury claimed to have proximately resulted from the negligence of the defendants, Otis Sheldon Rickard and Charles Rivitz and Company, Inc., in the operation of a motor truck. It was alleged that the "defendants were jointly engaged in the operation of said truck, and that the same was being driven by the defendant Otis Sheldon Rickard, for and on behalf of himself and the defendant Charles Rivitz and Company, Incorporated."

Ten interrogatories were attached to the petition. After the statutory time limit for answer to the interrogatories, the defendant Rickard filed a motion seeking an order to require the plaintiff to "make his petition definite and certain" in several respects. Several days later, the plaintiff filed a motion requesting an order "(1) requiring defendants to answer the interrogatories attached to plaintiff's petition, or in the alternative for an order granting to plaintiff a judgment by default"; and (2) requesting that the court "hold the defendant Otis Sheldon Rickard's motion in abeyance until said interrogatories are answered."

Pursuant to hearing of the motions, the court sustained the motion of the defendant Rickard and ordered plaintiff to "make his petition more definite and certain." The court likewise sustained plaintiff's motion to require the defendants to answer the interrogatories, "to be effective after amended petition is filed."

It appears that an amended petition was not filed, and approximately two and a half months after the court's order, noted above, an oral motion of the plaintiff for default judgment was denied, but on the same day the court sustained the defendant Rickard's motion to dismiss the action for want of prosecution in the following language:

"This day this cause coming on for hearing upon the motion of the defendant Otis Sheldon Rickard, moving the court for an order striking plaintiff's petition from the files, and dismissing the proceedings herein, because of the unreasonable neglect on the part of the plaintiff to proceed in this cause.

"Upon due consideration thereof, the court finds that said motion is well taken, and should be granted, and it is therefore

ordered, adjudged and decreed that said motion to dismiss the proceedings herein, for want of prosecution, be, and the same is hereby, granted.''

In consideration of the facts shown in the record before us, we are of the opinion, and so hold, that the judgment of dismissal constitutes an abuse of discretion and is contrary to law. The plaintiff was entitled to have his interrogatories answered in the absence of a demurrer directed to them, and the default of defendants in this respect gave the plaintiff no opportunity to amend his petition by pleading facts to sustain his claim that the defendants were jointly engaged in the operation of the truck, such facts being within the knowledge of the defendants.

''The primary purpose of interrogatories is to enable the interrogating party to properly prepare and plead his own case, and not to help him destroy the case of his adversary. Such interrogatories are intended to obviate other more cumbersome procedures and to permit either side in a lawsuit to become fully acquainted with the facts pertinent to the issues in the possession of the other prior to the trial of the case * * *. They are intended to simplify procedures for discovery of facts pertinent to the issues prior to the trial of a case and should be utilized as a reasonable and expedient instrumentality for the furtherance of justice.'' 43 Ohio Jurisprudence (2d), Pleading, Section 285, in part.

The fact that the Code requires interrogatories to be answered ''within the time limited for answer to the petition'' (Section 2309.44, Revised Code), indicates an intent of their use in the preparation of a pleading or amended pleading. In the instant case, the court denied the plaintiff this right.

The judgment will be reversed, and the cause remanded for further proceedings.

*Judgment reversed and cause remanded.*

STEVENS, P. J., and HUNSICKER, J., concur.